09-4168-cv
Trustees of the 1199 et al v. Kingsbridge Heights Rehabilitation Care Center

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand and ten.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                     *Circuit Judges.*

TRUSTEES OF THE 1199/SEIU GREATER NEW YORK BENEFIT FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK PENSION FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK EDUCATION FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK CHILD CARE FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK JOB SECURITY FUND, THE TRUSTEES OF THE 1199/SEIU GREATER NEW YORK WORKER PARTICIPATION FUND,

                                                *Plaintiffs-Appellees*,

          -v-                                          09-4168-cv

KINGSBRIDGE HEIGHTS REHABILITATION CARE CENTER,

                                                *Defendant-Appellant*.

Appearing for Appellees:     Hanan B. Kolko, Meyer, Suozzi, English & Klein, P.C., New York, N.Y.

Appearing for Appellant:     Steven Johnson, Kennedy Johnson Gallagher LLC (Joshua M. Sivin, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Kingsbridge Heights Rehabilitation Care Center appeals from the September 9, 2009 judgment entered in the United States District Court for the Southern District of New York (Cote, *J.*) awarding plaintiffs damages in the sum of $2,733,362.11, plus interest, for unpaid employer contributions to various union employee benefit funds. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiffs are trustees for employee benefit plans (together, the "Funds") that provide medical, retirement, child care and other benefits to eligible union members. Generally, employers who are subject to collective bargaining agreements with SEIU Local 1199 make contributions to the Funds for the benefit of their employees.

Kingsbridge is a nursing home in the Bronx owned by Helen Sieger. Until April 30, 2005, Kingsbridge and Local 1199 were parties to a collective bargaining agreement that required Kingsbridge to make contributions to the Funds. Kingsbridge ceased to make timely contributions to the Funds after the CBA expired, causing Local 1199 to file an unfair labor practice charge with the National Labor Relations Board. On June 8, 2006, Kingsbridge and Local 1199 entered into an agreement to settle the unfair labor practice charge. The terms of the settlement agreement required Kingsbridge to make "timely monthly contributions" to the Funds "as they become due." By November, 2007, when the Funds instituted the instant action, Kingsbridge owed contributions for wages earned in December 2006, as well as June through October 2007. As a result of Kingsbridge's failure to pay, the Funds cut off medical benefits to Kingsbridge employees.

On March 13, 2009, the district court issued an opinion and order granting the Funds' summary judgment motion on liability, and ordered the Funds to submit a proposed judgment setting forth what they were owed by Kingsbridge. The Funds submitted a proposed judgment seeking $3,027,023.96, plus interest. While Kingsbridge in its opposition argued that the Funds' proposed judgment had been submitted "with no backup support for the damages calculation," Kingsbridge also stated that it was given a copy of the "'audit report [of Kingsbridge's own books and records] . . . on which damage calculations contained in the proposed judgment [we]re apparently based.'" Kingsbridge attached a copy of the auditor's report to its opposition papers. Thus, the evidentiary basis for the Funds' damages calculations was before the district court. However, Kingsbridge asked the district court to order discovery on the issue of damages, arguing that it lacked access to its own documents and materials because a state-court-ordered caretaker had taken over the facility.

The district court declined to order formal discovery, but indicated being open to a limited amount of informal discovery. It appears from the record that the parties reached an agreement as to how to handle damages discovery, with counsel for the caretaker agreeing to permit Kingsbridge access to any necessary records. By order dated June 1, 2009, the district court adopted the parties' discovery plan, and also directed that Kingsbridge identify specific portions of the audit it disputed, and to the extent the parties could not reach an agreement as to those points, it ordered the parties to submit letter briefs.

Without indicating that it had not been permitted access to the necessary records, or otherwise indicating to the district court that more discovery was necessary, Kingsbridge opposed the proposed judgment on primarily a single ground: the inclusion of contributions for employees hired after the collective bargaining agreement expired on April 30, 2005 (the "Non-Reported Employees"). The district court ordered the final damages calculation include contributions for the Non-Reported Employees. This appeal followed.

We review a grant of summary judgment de novo. *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We find the audit, which the district court had available to it prior to entering final judgment, provided sufficient basis to support the damages calculation.

Although the district court ruled that Kingsbridge is liable for fringe benefits for the so-called Non-Reported Employees without setting out an explanation for that ruling, the assertion of liability with respect to those employees - as for all other employees - was based on the June 8, 2006 settlement agreement. Interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment. *See, e.g., Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002); *Seiden Associates Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992). The question of whether there is an ambiguity is also a matter of law. *See, e.g., Seiden*, 959 F.2d at 429. In the settlement agreement, Kingsbridge agreed to "make timely monthly contributions" to the Funds "as they become due;" there was no suggestion in the agreement that such contributions would be due only as to some of Kingsbridge's employees. Further, the agreement required Kingsbridge to post a "Notice to Employees," a copy of which was attached to the settlement agreement. That Notice, with a large bold heading "NOTICE TO EMPLOYEES," described rights that plainly applied to all employees, stating, for example, that "FEDERAL LAW GIVES YOU THE RIGHT TO . . . Act together with other employees for your benefit and protection." The Notice stated that Kingsbridge "WILL NOT delay in making contributions or fail to make contributions to [the Funds]," and that Kingsbridge "WILL NOT in any similar way frustrate your exercise of any of the rights stated above." We see no ambiguity in the parties' agreement. No rational factfinder could find that the parties agreed that this "NOTICE TO EMPLOYEES" would be applicable only to some, and not all, of Kingsbridge's employees. We conclude that the district court properly ruled as a matter of law that Kingsbridge was liable for contributions for its Non-Reported Employees.

We find no error in the district court's determination that Kingsbridge is liable for the contributions due for the period when the Funds terminated medical benefits for Kingsbridge employees due to non-payment. The Funds represented to the district court that if all the Fund delinquencies are paid, benefits will be reinstated retroactively for the Kingsbridge employees. The district court was free to credit that representation. Finally, we find the district court did not abuse its discretion in failing to order further discovery on the issue of damages.

We have considered all of Kingsbridge's contentions on this appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court hereby is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3